UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60842-DIMITROULEAS/STRAUSS

**REGINA LOUISE SMITH,**

     Plaintiff,
v.

**KILOLO KIJAKAZI,**
Acting Commissioner of Social Security,

     Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [DE 17] and Defendant's Cross Motion for Summary Judgment ("Defendant's Motion") [DE 18]. This case has been referred to me for appropriate disposition or report and recommendation [DE 2, 6, 9]. I have reviewed both motions, the administrative record [DE 15], and all other filings in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that Plaintiff's Motion [DE 17] be **GRANTED** and that Defendant's Motion [DE 18] be **DENIED**.

    **I.**    **BACKGROUND & PROCEDURAL HISTORY**

Plaintiff applied for supplemental security income on September 9, 2019 and disability insurance benefits on October 1, 2019, alleging a disability onset date of December 31, 2018 ("Alleged Onset Date") in both applications. Tr. 24, 69, 88, 318-38. Plaintiff, who was born in 1960, was 58 years old on the Alleged Onset Date. Plaintiff's claims were denied initially and upon reconsideration. *See* Tr. 24, 69, 88, 107, 130. On September 22, 2021, Plaintiff appeared with counsel at a telephonic hearing before an Administrative Law Judge ("ALJ"); a vocational

expert ("VE") also appeared and testified at the hearing. Tr. 42-63. On September 30, 2021, the ALJ issued her decision, finding that Plaintiff was not disabled under the Social Security Act (from the Alleged Onset Date through the date of the ALJ's decision). Tr. 24-35. On March 1, 2022, the Appeals Council denied Plaintiff's request for review, thereby leaving the ALJ's decision as the final decision of the Commissioner. Tr. 4-6. Consequently, on May 2, 2022, Plaintiff filed this action seeking judicial review of the Commissioner's decision.

## II.   STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, a court's role is limited. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's findings of fact must be affirmed if they are based upon "substantial evidence." *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is . . . such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). It "is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Id.* (quoting *Phillips*, 357 F.3d at 1240 n.8); *Bloodsworth*, 703 F.2d at 1239. In addition to determining whether the Commissioner's factual findings are supported by substantial evidence, courts must determine whether the ALJ applied the correct legal standards. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.  DISCUSSION

### A. THE SEQUENTIAL EVALUATION

A "disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In making a disability determination, "the ALJ must consider the evidence in its entirety, including: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant . . . and (4) the claimant's age, education, and work history." *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 262-63 (11th Cir. 2008) (quoting *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)); *see also Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982).

To arrive at a determination as to disability, the ALJ must undertake the sequential evaluation embodied in 20 C.F.R. §§ 404.1520 and 416.920. This process requires that the ALJ first determine whether the claimant is presently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, a finding of "no disability" is made.

If the claimant is not engaged in such work, then the ALJ must proceed to the second step and determine whether the claimant suffers from a "severe impairment." An impairment is severe if it significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If no severe impairment is found, then the ALJ will conclude that there is no disability; if a severe impairment is found, then the ALJ will proceed to the next step of the analysis. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine whether the claimant's impairment meets or equals those listed in Appendix 1 of the Regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). If

3

so, the ALJ will find the claimant disabled without considering age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, the inquiry will proceed to the next stage.

Step four requires the ALJ to determine whether the claimant has the residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Regulations define RFC as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This determination takes into account "all of the relevant medical and other evidence," including the claimant's own testimony and the observations of others. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must then compare the RFC with the physical and mental demands of the claimant's past relevant work to determine whether the claimant is still capable of performing that kind of work. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant establishes an inability to return to past relevant work, the inquiry turns to step five. "At step five the burden of going forward shifts to the [Commissioner] 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). If the Commissioner points to possible alternative employment, then the burden returns to the claimant to prove an inability to perform those jobs. *Id.* At this fifth and final step, the ALJ must resolve whether the claimant is actually capable of performing other work. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c).

To help evaluate whether sufficient jobs exist that can be performed given the claimant's age, education, and physical limitations, the Commissioner has promulgated Medical Vocational

Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. The guidelines may apply "where a person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. §§ 404.1569, 416.969. The guidelines are composed of detailed grids and rules, which direct a finding of disabled or not disabled based on a claimant's RFC, age, education, and previous work experience. *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987).

Yet, the guidelines "do not cover all possible variations of factors" and are inapplicable "if one of the findings of fact about the person's vocational factors and [RFC] is not the same as the corresponding criterion of a rule." 20 C.F.R. §§ 404.1569, 416.969. Therefore, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1242 (citation omitted); *see also Walker*, 826 F.2d at 1002-03; *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991). Nevertheless, in such situations, the guidelines may serve as a framework to determine whether sufficient jobs exist within a claimant's range of RFC. *Hargis*, 945 F.2d at 1490. However, the Commissioner may carry his or her burden through the use of a VE when exclusive reliance on the guidelines is not appropriate. *Chaney-Everett v. Astrue*, 839 F. Supp. 2d 1291, 1299 (S.D. Fla. 2012) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Walker*, 826 F.2d at 1003). A VE provides the ALJ with a realistic appraisal of the work that a claimant is capable of performing. *Id.* (citing *Walker*, 889 F.2d at 50).

### B. ALJ'S APPLICATION OF THE SEQUENTIAL EVALUATION

After considering the evidence, the ALJ found that Plaintiff was not disabled between the Alleged Onset Date and the date of the ALJ's decision. Tr. 35. Initially, the ALJ addressed certain

5

preliminary issues and outlined in detail the five steps of the sequential evaluation. Tr. 24-26. Then, addressing the first step in the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the Alleged Onset Date. Tr. 26.

Next, at step two, the ALJ found that Plaintiff had the severe impairments of hypertension, obesity, degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the right AC shoulder joint, and degenerative joint disease of the right hip. Tr. 26-27. The ALJ also discussed nonsevere impairments at step two, including Plaintiff's mental impairments, which the ALJ found were nonsevere. Tr. 27-28. As to Plaintiff's mental impairments, the ALJ found (at step two) that Plaintiff's "medically determinable mental impairments of depression and substance addiction, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe." Tr. 27. The ALJ noted that she considered the "paragraph B" criteria – the four broad areas of mental functioning – in making the foregoing finding. Tr. 28. She assessed a "mild" limitation in all four areas (understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself). Tr. 28.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 29.

The ALJ next assessed Plaintiff's RFC, determining based on her consideration of the entire record that Plaintiff has the RFC

> to perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant could lift and/or carry ten pounds frequently, and twenty pounds occasionally, sit for six hours, and stand and/or walk for four hours, in an eight-hour workday. The claimant could occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. The claimant is limited to

>frequent exposure to workplace hazards such as unprotected heights, moving mechanical parts, and operating heavy machinery. The claimant is limited to frequent exposure to extreme temperatures, humidity, and wetness.

Tr. 31. As part of this assessment, the ALJ noted that she considered all of Plaintiff's symptoms and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. Tr. 31. Additionally, the ALJ stated that she considered the medical opinion evidence and prior administrative medical findings in accordance with 20 C.F.R. §§ 404.1520c and 416.920c. Tr. 31. She then proceeded to discuss certain evidence of record in conjunction with discussing Plaintiff's RFC. Tr. 31-34.

After assessing Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing her past relevant work as an office clerk (as generally performed). Tr. 34. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 35.

C. ANALYSIS

Plaintiff contends that that this case should be remanded for three reasons: (1) the ALJ's decision (Tr. 24-35) is not a final decision because the ALJ did not sign it; (2) the ALJ erred by not including mental limitations in Plaintiff's RFC despite finding "mild" limitations in the four functional areas (at step two); and (3) the ALJ erred by not including – in Plaintiff's RFC – limitations related to Plaintiff's degenerative joint disease of the right AC shoulder joint. With respect to Plaintiff's second argument, Plaintiff contends that, "*[a]t the very least*, the ALJ was obligated to explain how she arrived at the conclusion that these mild limitations did not result in *any* work-related mental limitations." [DE 17-2] at 8. For the reasons discussed herein, I agree that the ALJ's failure to discuss all of Plaintiff's medically determinable mental impairments when formulating Plaintiff's RFC requires remand.[1]

---

[1] Because this issue requires remand, I do not address Plaintiff's first and third arguments.

As indicated above, an ALJ must consider the medical severity a claimant's impairments at step two of the sequential evaluation. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1264-65 (11th Cir. 2019). "In evaluating the severity of a claimant's mental impairment at steps two and three of the sequential analysis, the ALJ makes determinations as to the claimant's abilities in four broad functional areas known as 'Paragraph B' criteria." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1324 (11th Cir. 2021) (citing *Schink*, 935 F.3d at 1269). "The four areas consider the claimant's ability to (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage herself." *Id.* at 1324-25 (citing 20 C.F.R. § 404.1520a(c)(3)). "The ALJ must assign a rating of none, mild, moderate, marked, or extreme to a claimant's limitation in each area of functioning." *Id.* at 1325 (citing 20 C.F.R. § 404.1520a(c)(4)).

Here, the ALJ assessed a "mild" limitation in all four areas. Tr. 28. "A 'mild' rating indicates that the claimant's functioning is 'slightly limited.'" *Buckwalter*, 5 F.4th at 1325; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2)(b) (providing that a "mild limitation" in an area means that a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited"). Because the ALJ found that Plaintiff's medically determinable mental impairments – depression and substance addiction – did not cause more than a "mild" limitation in any area, and because the ALJ found that the evidence did not otherwise reveal "more than a minimal limitation in [Plaintiff's] ability to do basic work activities," the ALJ found Plaintiff's mental impairments to be nonsevere. Tr. 28; *see also Schink*, 935 F.3d at 1265 ("An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." (quoting 20 C.F.R. § 404.1522(a))).

Nonetheless, step two only involves a "threshold" inquiry. *Schink*, 935 F.3d at 1265. It simply "'acts as a filter' to weed out claims where there are no severe impairments at all." *Bullard v. Comm'r, Soc. Sec. Admin.*, 752 F. App'x 753, 755 (11th Cir. 2018) (quoting and citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Here, although the ALJ did not find any severe mental impairments at step two, she nevertheless proceeded past step two – as opposed to finding Plaintiff not disabled at step two – because the ALJ found other severe impairments to exist.

Once the ALJ reached the outset of step four, the time came to determine Plaintiff's RFC. The RFC inquiry is distinct from, and more detailed than, the "paragraph B" criteria analysis that is conducted at step two. *See Buckwalter*, 5 F.4th at 1325 ("The ALJ's analysis as to the Paragraph B criteria is part of steps two and three of the sequential analysis; it is distinct from the more detailed inquiry as to a claimant's RFC at step four." (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "At step four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence." *Id.* at 1320 (citing *Phillips*, 357 F.3d at 1238). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)).[2] "The ALJ must also consider a claimant's medical condition taken as a whole." *Id.* at 1269 (citations omitted).

---

[2] *See also* SSR 96-8 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim.").

The problem in this case is that, aside from briefly mentioning Plaintiff's substance abuse history at step four,[3] the ALJ did not discuss Plaintiff's mental impairments after step two. In other words, the ALJ's decision fails to demonstrate that she considered all of Plaintiff's nonsevere medically determinable mental impairments *when assessing Plaintiff's RFC* even though she was required to consider such impairments in conjunction with that assessment. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065 (11th Cir. 2021) ("[T]he ALJ here was required to consider all of Pupo's impairments, severe or not, when evaluating her RFC."). To be fair, the ALJ's decision does state the following at step two:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

Tr. 28. However, the absence of any discussion regarding Plaintiff's mental impairments at step four fails to show that the ALJ actually performed the requisite "more detailed assessment" at step four. *Cf. Schink*, 935 F.3d at 1269 ("Even if we assume the RFC assessment conducted by the ALJ included some silent consideration of Schink's mental impairments, we have no way of knowing whether it included the 'more detailed assessment' required.").

None of this to say that the ALJ was required to include restrictions in Plaintiff's RFC on account of Plaintiff's nonsevere mental impairments. After all, as Defendant notes, "proof of the mere existence of impairments does not prove the extent to which they limit a claimant's ability

---

[3] *See* Tr. 34 ("In terms of restricting the claimant from climbing ladders, ropes, and scaffolds, and limitations for hazards, these were supported based on the claimant's substance abuse history and because her musculoskeletal disorders may make navigating environments, heights, and hazards more difficult.").

10

to work." *Hutchinson v. Astrue*, 408 F. App'x 324, 326 (11th Cir. 2011) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).  Moreover, several district court decisions in this district have expressly found that "ALJs are not obligated to include mental limitations in the RFC even when they find 'mild' limitations while" assessing the "paragraph B" criteria at step two. *Chestang v. Comm'r of Soc. Sec.*, No. 8:21-CV-482-MRM, 2022 WL 4354849, at *8 (M.D. Fla. Sept. 20, 2022) (collecting cases).  But failing to demonstrate *consideration* of all medically determinable impairments, including nonsevere impairments, and a claimant's condition as a whole, when assessing a claimant's RFC, is a different story.  Here, in finding "mild" limitations at step two, the ALJ evidently concluded that Plaintiff's mental impairments only caused "slight" limitations – limitations that did not significantly limit Plaintiff's ability to do basic work activities.  In other words, the ALJ found at step two that Plaintiff's "medically determinable mental impairments of depression and substance addiction, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe." Tr. 27.  While it is certainly possible that such limitations may have been so "slight" or so "minimal" so as to not affect Plaintiff's RFC, the problem is that if that is the case, the ALJ did not say so when formulating Plaintiff's RFC.  Therefore, the Court is unable to determine whether the ALJ's RFC determination is supported by substantial evidence.[4]  As such, remand is necessary.

---

[4] *Cf. Quagliozzi v. Kijakazi*, No. 20-81191-CIV, 2022 WL 4355765, at *17-19 (S.D. Fla. Sept. 20, 2022); *Lee v. Kijakazi*, No. 21-CV-80677-DMM/BER, 2022 WL 4134355, at *3 (S.D. Fla. June 28, 2022), *report and recommendation adopted*, 2022 WL 4131170 (S.D. Fla. Sept. 12, 2022).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** Plaintiff's Motion [DE 17], **DENY** Defendant's Motion [DE 18], and **REMAND** this matter to the Commissioner for further proceedings.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 30th day of December 2022.

Jared M. Strauss
United States Magistrate Judge